IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

_____ :
HERSH FRIED, on behalf of himself and all those   :
    similarly situated,             :
,                 :
                 :
      PLAINTIFFS,      :      CIVIL ACTION
                 :      No. 02-22-cv-_____
    v.              :
                 :
WELLS FARGO BANK, N.A.,        :
        ,        :
                 :
      DEFENDANTS.      :
_____

## **COMPLAINT**

1.    This is a putative class action complaint against Wells Fargo to recover on behalf of the Class (defined below) funds lost due to Wells Fargo's unilateral, predatory, and/or unlawful short sale practices.

2.    Plaintiff Fried is an adult individual with an address 5 Jill Lane Suite 100, Monsey, NY 10952.

3.    Defendant Wells Fargo Bank, N.A.

4.    This Court has personal jurisdiction over Defendant pursuant to NY CPLR 301 and 302(a) as Defendant regularly conduct business within the state, conducted a tortious act within the state directly related to its business, and committed tortious act(s) without the state causing injury to Plaintiffs who reside within the jurisdiction.

5.    Defendant also regularly does or solicits- business, and otherwise engages in other persistent courses of conduct in the State and/or expect or should reasonably expect its acts to have consequences within the State while deriving substantial revenue from interstate commerce.

6.      Upon information and belief, Defendant continuously solicits business over the internet, by e-mail solicitation, and by directly accepting or making payments from or to New York residents.

7.      Defendant purposefully utilizes the privilege of conducting business in this State and District, invoking the benefits and protections of its laws.

8.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332 because the amount in controversy exceeds the sum of seventy-five ($75,000.00) exclusive of interest and costs, and there is diversity of citizenship between Plaintiffs and Defendant.

9.      Venue is proper in this District pursuant to 28 U.S.C. §1391(a)(2) because a substantial part of the events giving rise to the claims arose in this District.

## STATEMENT OF FACTS

10.     In May 2006, Plaintiff refinanced his home located at 10 Rita Avenue, Monsey, NY 10952 (the "Property").

11.     The refinance loan for the Property was for $400,000 with the value of the Property at approximately $500,000 at the time of the refinance with a loan number ending in 9068 (the "Loan").

12.     Like many homeowners in 2008, 2009, and following, Plaintiff experienced hardships due to the terms of the Loan.

13.     The Loan's terms were so lopsided and favorable to Wells Fargo that they were predatory, necessitating Plaintiff to present a hardship letter to Wells Fargo on August 20, 2009.

14.     On December 3, 2009, Wells Fargo denied Plaintiff's Modification Review ("MR") / HAMP because Wells Fargo claimed he did not fit the criteria for MR/HAMP because it was not his "primary" residence.

15.     Thereafter, Wells Fargo initiated a foreclosure action on or around August 9, 2013, alleging that the Loan was past due.

16.     On August 27, 2013, and May 29, 2014, MRs were initiated, and Freddie Mac 90-day trial plans were approved on both occasions.

17.     Wells Fargo alleges that no payments were received and both MR plans were subsequently denied.

18.     On or around October 1, 2014, the Decision Error ("DE") occurred.

19.     Not long after, on January 14, 2015, a Short Sale Review ("SSR") was initiated, and the property was valued at $175,000.

20.     The January 2015 SSR was denied allegedly due to a title issue.

21.     Another SSR was initiated on March 5, 2015, culminating in a September 11, 2015, short sale (the "2015 Short Sale").

22.     The 2015 Short Sale resulted in Wells Fargo receiving "net proceeds" in the amount of $142,093, with $3,000 being offered to Plaintiff as a relocation assistance.

23.     Plaintiff received $21,000 from Wells Fargo as "remediation" although Plaintiff requested $345,000 to made whole due to Wells Fargo's wrongful actions.

24.     Plaintiff lost the equity in his property due to Defendant's unlawful sale (the 2105 Short Sale) of the Property, in an amount of no less than $300,000.00

25.     Plaintiff attempted to mediate the matter with Defendant, which started on January 18, 2022, and resulted in a partial agreement and partial payment from Wells Fargo of $8,500.

26.     However, to date, Plaintiff has not been made whole from Defendant's unlawful sale of the Property.

**Class Action Allegations**

27.     Mr. Fried bring the action as a class action on behalf of himself and the Class pursuant to Article 9 of the CPLR.

28.     Mr. Fried brings this action both on his behalf and on behalf of a class that consists of all Wells Fargo customers who had their properties foreclosed upon due to wrongful denial of mortgage modifications in the United States of America at any time between January 1, 2009, and the date when judgment is entered in this action (the "Class" and the "Class Period," respectively).

29.     A class action is superior to other available methods of fair and efficient adjudication of this controversy. Mr. Fried is informed and believes that there are hundreds, if not thousands, of members of the Class and that the Class is so numerous that joinder is impractical.

30.     There is a well-articulated, defined community of interest in the questions of law and fact affecting the Class, and they predominate over questions that may affect only individual Class members:

a.     Whether Defendant coerced and induced Class members into signing mortgages with Defendant through substantively unconscionable terms in violation of New York law;

b.     Whether Defendant unlawfully and wrongfully denied mortgage modifications;

c.     Whether Defendant unlawfully and wrongfully initiated and conducted short sales of Class Members' properties;

d.     Whether Defendant coerced and induced Class members into signing dealership contracts with Defendants through procedurally unconscionable terms in violation of New York law

e.     Whether Defendant's deceptive conduct violates New York law;

f.     Whether Defendant was unjustly enriched at the Class Members' expense; and

g.      Whether Class Members have been damaged, and if so, the appropriate measure of such damages.

31.     As a Wells Fargo mortgage customer, Mr. Fried asserts claims that are typical of the claims of the Class members and whose interests he seeks to represent.

32.     Class members have wrongfully been forced into mortgage agreements.

33.     Mr. Fried is committed to prosecuting the action vigorously and has competent counsel experienced in litigation of this nature.

34.     Mr. Fried and other Class members have suffered damages because of Defendant's wrongful conduct.

35.     Due to the size of the claims of the individual members of Class, few, if any could afford to seek legal redress for the wrongs complained of herein.

36.     The individual prosecution of the claims on an individual basis would create a risk of inconsistent and contradictory adjudications in connection with each Class member's claim.

37.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

38.     Absent a class action the Class members will not obtain redress for their injuries and Defendant will unjustly retain the proceeds of its statutory and common law violations and wrongs.

**Count I**
**Declaratory Judgment—**
**Lack of Enforceable Mortgage Documents**

39.     Plaintiff repeats, reiterates, and incorporates by this reference each of the foregoing paragraphs.

40.     The documents at issue here: those surrounding the Wells Fargo mortgages (the "Mortgages") with its customers are contracts of adhesion, unconscionable, and/or predatory.

41.     Due to their adhesion, unconscionable, and/predatory nature, the Mortgages, and related documents are void.

42.     Plaintiff and Class Members seek declaration that the Mortgages and the related documents are void and unenforceable.

## Count II
## Predatory Lending –Unconscionability Substantive

43.     Plaintiff repeats, reiterates, and incorporates by this reference each of the foregoing paragraphs.

44.     The Mortgages are unreadable and unenforceable as they are not legible.

45.     Due to the substantive unconscionability of the Mortgages, all other related documents concerning the Mortgages, are also unenforceable.

## Count III
## Predatory Lending – Unconscionability Procedural

46.     Plaintiff repeats, reiterates, and incorporates by this reference each of the foregoing paragraphs.

47.     The terms of the Mortgages and the fact that Wells Fargo initiates short sales allegedly pursuant to these terms are unconscionable in that they allow short sales that deny modifications rightfully due to Class Members, including Plaintiff.

48.     The terms of the Mortgages are unconscionable in that they allow short sales that deny modifications rightfully due to Class Members, including Plaintiff.

49.     Due to the procedural unconscionability of the Mortgages, all other related documents concerning it, including the subsequent short sales, are also unenforceable.

### Count IV
### Violation of General Business Law §349

50.     Plaintiff repeats, reiterates, and incorporates by this reference each of the foregoing paragraphs.

51.     Defendant's actions also constitute deceptive business practices in violation of General Business Law §349 as it lured Plaintiff and other Class Members into false beliefs that they would be able to modify their loans and keep their homes, and instead Defendant wrongfully initiated short sales.

52.     General Business Law §349(a) provides, "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are hereby declared unlawful."

53.     By its acts, omissions and practices described above, Defendant engaged in repeated and persistent deceptive acts and practices in violation of GBL §349.

54.     Defendant's false and misleading statements outlined above regarding the ability to refinance and/or modify the mortgages at issue violate the GBL.

55.     Defendant's terms and conditions contained in the Mortgages and related documents violate the GBL §349.

### Count V
### Unjust Enrichment

56.     Plaintiff repeats, reiterates, and incorporates by this reference each of the foregoing paragraphs.

57.     Mr. Fried and the other Class members were and/or are in a direct relationship with Defendant through the Mortgages reflected in similarly unconscionable documents.

58.     By using contracts of adhesions, documents that have unconscionable terms including repayment terms that Defendant knew Class members would not be able to fulfill, and making false and misleading statements, Defendant is unjustly benefited through Class members' Mortgages, financing, and payments at the expense of Mr. Fried and other Class members.

59.     Defendant has retained the benefits of Plaintiff's and other class Members' performance of their obligations and/or the benefits of the payments and fees paid by Plaintiff and other Class members at the expense of Plaintiff and other Class members.

60.     Additionally, Plaintiff and other Class members are losing equity in the homes that Wells Fargo short sells.

61.     Defendant's retention of the benefits is unjust.

62.     As a result, Defendant has caused and continue to cause Mr. Fried and the other Class Members damages.

**Count VI**
**Conversion**

63.     Plaintiff repeats, reiterates, and incorporates by this reference each of the foregoing paragraph

64.     Plaintiff had and continues to have exclusive ownership of the equity in the Property as the short sale was unlawfully obtained by Defendant.

65.     Defendant converted the equity from the Property to it.

66.     Plaintiff is being damaged by the unauthorized use and retention of the equity from the 2015 Short Sale of the Property

67.     Plaintiff has been damaged by such conversion and theft to an amount of more than $300,000.00 plus interest at the statutory rate, from the date to be determined at trial, up to and continuing from the date herein, and does demand judgment in that amount.

**Count VII**
**Fraudulent Misrepresentation**

68.     Plaintiff repeats, reiterates, and incorporates by this reference each of the foregoing paragraphs.

69.     Defendant misrepresented to Plaintiff and other Class Member that they would be able to modify their loans and keep their homes, and instead Defendant wrongfully initiated short sales.

70.     Defendant made these false statements willfully, falsely, and knowingly to Mr. Fried.

71.     Mr. Fried justifiably and reasonably relied on Defendant's misrepresentations.

72.     Mr. Fried had no way of knowing that Defendants were misrepresenting the Mortgages.

73.     Mr. Fried could not have discovered the misleading nature of Defendant's misrepresentations on their own because Defendant were in exclusive possession of that information.

74.     Mr. Fried did not have an independent duty and had no reason to suspect Defendant's intentions.

75.     Defendant had duties to fulfill its obligations to Mr. Fried to represent accurately the Mortgages, the refinance terms, and the short sale.

76.     Defendant was in a superior position to know the falsity and/or misleading nature of its misrepresentations.

77.   Defendant misrepresented material facts to gain the mortgage and payment fees, homes, and equity in homes.

78.   Plaintiff sustained injury to due to Defendant's receipt and retention of the mortgage and payment fees, homes, and equity in homes.

79.   Mr. Fried was unaware of the material misrepresentations outlined herein.

80.   Defendant's actions were done maliciously, oppressively, deliberately, with intent to defraud, in reckless disregard of Mr. Fried's rights and well-being and to enrich Defendant at Mr. Fried's expense.

81.   Defendant's wrongful conduct warrants an assessment of punitive damages in an amount sufficient to deter such outrageous conduct in the future.

**Count VIII**
**Negligent Misrepresentation**

82.   Plaintiff repeats, reiterates, and incorporates by this reference each of the foregoing paragraphs.

83.   Mr. Fried reasonably placed his trust and reliance in Defendant's representations regarding Mortgage terms including the ability to refinance, modify the terms, and otherwise retain ownership of the Property.

84.   Defendant owed a duty to use reasonable care regarding the consumer products, the Mortgages, refinance terms, modification terms, and other terms associated with the short sales

85.   Defendant breached its duties to Mr. Fried by providing false, misleading, and/or deceptive information.

86.   Mr. Fried justifiably and reasonably relied on Defendant's misrepresentations and a reasonable person in similar circumstance would have relied on Defendant's misrepresentations.

87.     As a result, Mr. Fried and/or other Class members paid mortgage and payment fees, homes, and lost equity in homes.

88.     As a result of Defendant's misrepresentations, it has received, upon information and belief, millions of dollars.

89.     Defendant failed to use reasonable care in their communication and representations to Mr. Fried.

90.     Defendant's negligent misrepresentations have caused and continue to cause Mr. Fried damages in an amount to be proven at trial or, alternatively, Mr. Fried seeks rescission and disgorgement pursuant to this cause of action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Moishe Fried requests that the Court enter an Order in their favor and against Defendant Wells Fargo Bank N.A. as follows:

(i)     money damages in an amount to be determined at trial;

(ii)    interest, post- and pre- judgment;

(iii)   costs of this litigation;

(iv)    disgorgement of the net proceeds from short sales;

(v)     attorneys' fees;

(vi)    punitive damages; and

(vii)   any other relief this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial for all claims so triable.


Dated: May 15, 2022

New York, NY

LEVENSON LAW GROUP

*/s/ Scott Levenson*_____

By:  Scott Levenson, Esq.

Attorney for Plaintiffs

625 West 51st Street

New York, NY 10019

(347) 352-2470

Levensonlawgroup@gmail.com